```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
BJORN ERIK HAAPANIEMI,

                    Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         23-CV-0554(JS)(JMW)

TN DEPARTMENT OF MOTOR VEHICLES,
NEW YORK STATE DEPARTMENT OF MOTOR
VEHICLES,

                    Defendants.
-----------------------------------X
APPEARANCES
For Plaintiff:      Bjorn Erik Haapaniemi, pro se[1]
                    7311 Old Hillside Way
                    Anchorage, Alaska   99516

For Defendants:     No appearances.
```

**SEYBERT, District Judge**:

Presently before the Court is the application to proceed in forma pauperis ("IFP") filed by pro se plaintiff Bjorn Erik Haapaniemi ("Plaintiff") while he was incarcerated at the Federal Correctional Institution in Mendota, California. (See IFP App., ECF No. 7.) For the reasons that follow, the IFP Application is GRANTED, and Plaintiff's Complaint is DISMISSED for lack of subject

---

[1] The Court notes Plaintiff is a federal inmate; his Bureau of Prison ("BOP") Registration Number is 22106-508, and he is currently incarcerated at Jesup FCI, located in Jesup, Georgia. See Find an Inmate, www.bop.gov/inmateloc/(search for Reg. No. 22106-508) (last visited Aug. 3, 2023). However, pursuant to Plaintiff's Notice of Change of Address, his current address-of-record is his home address. (See Notice, ECF No. 12; see also Letter (undated), ECF No. 13 (filed July 14, 2023).)

matter jurisdiction.

BACKGROUND

Plaintiff commenced this action in the United States District Court for the Eastern District of California against "TN Dept of Motor Vehicles and New York State Dept of Motor Vehicles" by filing a "Petition for Relief on License Suspension dating from 1987 (approx.)." (Compl., ECF No. 1.) By Transfer Order dated January 25, 2023, the case was transferred from the California district court to this Court, i.e., the Eastern District of New York. (See Transfer Order, ECF No. 3.)

By Notice of Deficiency dated January 26, 2023, this Court apprised Plaintiff that his "IFP application does not contain enough information (and is not on the appropriate form) for the Court to consider your request. In addition, a Prisoner Authorization is required." (Not. of Def., ECF No. 6.) Plaintiff was instructed to complete and return an enclosed IFP application and Prisoner Litigation Authorization ("PLA") form within 14 days. (Id.) On February 7, 2023, Plaintiff timely filed the instant IFP application and a completed PLA form. (See ECF Nos. 7-8.)

Plaintiff's handwritten filings are difficult to decipher.[2] However, from his Complaint, the Court is able to glean

---

[2] It appears Plaintiff has hand drawn lines on the pages and then has written on both sides of each page, as well as in the margins. (See Compl., ECF No. 1, in toto.)

2

the following.  Plaintiff names the Tennessee Department of Motor Vehicles ("TN DMV") and the New York State Department of Motor Vehicles ("NY DMV"; together with TN DMV, the "Defendants") as the sole defendants.  Although Plaintiff was incarcerated in Mendota, California when he commenced this action, it appears that he was domiciled in Alaska prior to his incarceration.[3]  Plaintiff last resided in New York in 1986 when he received a speeding ticket and

---

[3] Haapaniemi is serving a 108-month federal sentence for stalking and making threatening communications with a projected release date of March 16, 2027.  See Haapaniemi v. Hijar, No. EP-21-CV-0291, 2021 WL 5828372, at *1–2 (W.D. Tex. Dec. 8, 2021) (in denying a Section 2241 habeas petition, providing the following background:  Haapaniemi started sexually abusing his 17-year-old biological daughter in 2003 while they lived in Arizona; he married the daughter in 2005; his incestuous relationship produced children in 2003, 2006, and 2007; after the birth of the third child, Haapaniemi moved his family to Alaska; in August 2018, a physician in Alaska expressed concern about the potential sexual abuse of Haapaniemi's granddaughter and referred the case to the Alaska Office of Children's Services ("OCS"); in the meanwhile, the Scottsdale police department (hereafter, the "AZ P.D.") opened an investigation into Haapaniemi's sexual abuse of his daughter while they lived in Arizona; the AZ P.D. investigation led to a 10-year state sentence for sexual conduct with a minor; while incarcerated in Arizona, Haapaniemi learned an OCS investigator had cooperated with the AZ P.D.; thereafter, Haapaniemi started stalking the investigator, sending her threatening letters; Haapaniemi also mailed threatening letters and attempted to extort concessions from an attorney, as well as from an FBI special agent assigned to his case; as a result, an Alaskan grand jury indicted Haapaniemi, charging him with stalking the OCS investigator, extortion, and mailing threatening communications to a federal law enforcement officer; pursuant to a plea agreement, Haapaniemi pled guilty to two of the three counts brought against him and was sentenced to consecutive terms of 60 months' confinement and 48 months' confinement, which federal sentence was ordered to be serve consecutively to his state-imposed sentence) (citation omitted); see also Find an Inmate, www.bop.gov/inmateloc/(search for Reg. No. 22106-508) (last visited Aug. 3, 2023).

3

a ticket for failing to signal while changing lanes near Massapequa, New York. (Id. at 1-2.) Plaintiff alleges: his New York State driver's license expired in 1987; he did not renew said license; and, he moved to Tennessee in 1987, and "during his time in TN, his license was revoked." (Id.) Plaintiff then skips to 1997 and alleges that he was living in New Mexico where he was issued a New Mexico driver's license. (Id. at 2.) In 2001, Plaintiff renewed his New Mexico driver's license, which had a 2009 expiration date. (Id.) In 2005, when he went to the New Mexico Department of Motor Vehicle to change his address, he learned that there was a suspension on his driving record due to the speeding ticket he received in New York in 1986. (Id.)

Plaintiff further alleges the following. In 2006, he called the NY DMV and learned that he owed $84.00 and that there was a "suspension hold" on his license from the State of Tennessee. (Id. at 2-3.) Plaintiff then called the TN DMV and learned that his license was suspended for unpaid tickets and for which he owed $3,200. (Id. at 3.) Plaintiff does not contest owing these sums; rather, he solely "ask[s] this Court to please work with TN and NY to arrange a payment plan beginning on my release 30 Nov. 2026."[4] (Id. at 4.)

---

[4] Plaintiff further expresses his intention to reside in the U.S. Virgin Islands upon his release from incarceration. (Id.)

4

DISCUSSION

I. Plaintiff's *In Forma Pauperis* Application is Granted

The Court finds that Plaintiff is qualified by his financial status to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP application is GRANTED.

II. Legal Standards

A. Consideration of the Complaint Under 28 U.S.C. §§ 1915, 1915A

Section 1915 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" or when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court is required to dismiss the action as soon as it makes such a determination. See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally and to interpret them to raise the "strongest

[claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

    B.    Subject Matter Jurisdiction

Federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Further, "subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." United States v. Cotton, 535 U.S. 625, 630 (2002). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (internal

6

quotation marks omitted) (citation omitted). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3) (emphasis added).

Here, as is readily apparent, the Complaint does not allege that Plaintiff's claims arise under the Constitution or a federal law, statute, or treaty; moreover, the Court is unaware of any such authority applicable to the circumstances alleged. Thus, this Court's federal question subject matter jurisdiction does not lie. Further, although it appears that the diversity of citizenship requirement is met, the amount in controversy requirement is not satisfied for the reasons that follow.

Although it is unclear whether Plaintiff was a domiciliary of New Mexico, Arizona, or Alaska prior to his incarceration, it is clear that he was not a domiciliary of either New York or Tennessee at that time. Given that the Defendants are domiciled in New York and Tennessee, respectively, the parties appear to be diverse within the meaning of 28 U.S.C. § 1332. However, the amount in controversy requirement is not met. Plaintiff alleges that he owes a total of $3,284.00 for his outstanding tickets, well-short of the greater than $75,000 threshold amount. See 28 U.S.C. § 1332(a). Hence, Plaintiff has failed to meet his burden of establishing this Court's jurisdiction to preside over this action. Accordingly, in the absence of

7

subject matter jurisdiction, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(h)(3).[5]

III. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted in this instance. Given that the lack of subject matter jurisdiction cannot be cured in an amended pleading, leave to amend the Complaint would be futile and is, therefore, DENIED.

CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff's IFP application (ECF No. 7) are GRANTED; and

---

[5] Further, whether Plaintiff has standing is dubious. "To satisfy constitutional standing requirements, a plaintiff must prove: (1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187 (2d Cir. 2013). Given the Court's lack of subject matter jurisdiction, it need not determine whether Plaintiff has set forth an actual case or controversy between himself and the Defendants. See Cortlandt St. Recovery Corp. v. Hellas Telecommc'ns, 790 F.3d 411, 417 (2d Cir. 2015) ("In its constitutional dimension, standing imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning of Art. III.").

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(h)(3); and

**IT IS FURTHER ORDERED** that LEAVE TO FILE AN AMENDED COMPLAINT IS DENIED, and

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the pro se Plaintiff at his address-of-record.

**SO ORDERED.**

_/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: August 4, 2023
       Central Islip, New York